UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CIVIL ACTION NO.: _____

JOSHUA KELLY, on behalf of himself and
all others similarly situated,

    Plaintiff,

v.

LAMPASAS, INC. d/b/a EMERALD ELITE
SENIOR HOME CARE and ERNEST OLIVAS,

    Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff, JOSHUA KELLY ("Plaintiff"), on behalf of himself and the class of those similarly situated to Plaintiff, sues Defendants, LAMPASAS, INC. d/b/a EMERALD ELITE SENIOR HOME CARE ("Defendant Company") and ERNEST OLIVAS ("Defendant Individual") (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action brought by Plaintiff, on behalf of himself and those similarly situated to Plaintiff, against Defendants for unpaid overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA").

## PARTIES, JURISDICTION AND VENUE

2. This action is brought to recover from Defendants unpaid overtime compensation, liquidated damages, costs, interest, and reasonable attorneys' fees under the provisions of the FLSA.

3. At all material times hereto, Plaintiff has resided in Miami-Dade County, Florida. Plaintiff is an employee of the Defendants. Plaintiff works for the Defendants in Broward County, Florida.

4. At all material times hereto, Defendant Company has operated and continues to operate its business in Broward County, Florida.

5. At all material times hereto, Defendant Company had two (2) or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

6. Based upon information and belief, the annual gross sales volume of Defendant Company has been in excess of $500,000.00 per annum at all material times hereto

7. At all material times hereto, Defendant Company was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. § 203(s).

8. Upon information and belief, Defendant Individual has resided in Broward County, Florida at all material times hereto.

9. At all material times hereto, Defendant Individual managed and/or operated Defendant Company and regularly exercised the authority to hire and fire employees, determined the work schedules of employees, set the rates of pay for employees and/or controlled the finances and operations of Defendant Company. By virtue of such control and authority, Defendant

Individual is an employer of Plaintiff, and those similarly situated to Plaintiff, as such term is defined by the FLSA, 29 U.S.C. § 203(d).

10. Jurisdiction is conferred on the Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

11. Venue is proper in the U.S. District Court for the Southern District of Florida (the "District") because Plaintiff was employed in the District by Defendants, which at all material times conducted and/or continues to conduct business in the District and because the acts that give rise to Plaintiff's claims occurred within the District. Both Defendants are subject to personal jurisdiction within the District.

12. All conditions precedent to the bringing of this action have been satisfied and/or waived.

## GENERAL ALLEGATIONS

13. Plaintiff has worked for Defendants from in or about September 2017 through the present.

14. At all material times hereto, Defendant Company has and continues to operate as a home care agency.

15. At all material times hereto, Plaintiff (and other similarly situated employees) has worked as a non-exempt employee for Defendants but has been misclassified by Defendants as an independent contractor.

16. At all material times hereto, Plaintiff (and other similarly situated employees) has worked and continues to work for Defendants as a home care aide.

17. In 2017, Plaintiff was paid a regular rate of $10 per hour.

18. In 2018, Plaintiff was paid a regular rate of $11 per hour.

19. In 2019, Plaintiff was paid a regular rate of $12 per hour.

20. During certain work weeks in 2017, 2018, and 2019, Plaintiff worked over 40 hours per work week but Defendants did not pay Plaintiff a half time rate per overtime hour Plaintiff worked for Defendant as required by the FLSA.

21. Based upon information and belief, all of the records concerning the exact number of hours actually worked by Plaintiff and other similarly situated employees and the compensation actually paid to Plaintiff and other similarly situated employees are in the possession, custody or control of Defendants.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION IN VIOLATION OF THE FLSA (29 U.S.C. § 201 ET SEQ.)

22. Plaintiff re-adopts and re-alleges all allegations contained in paragraphs 1-21 of this Complaint.

23. At all material times hereto, Plaintiff, and other similarly situated employees, are entitled to be paid half of his regular rate of pay for each hour worked for Defendants in excess of forty (40) hours per week.

24. At all material times hereto, Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated employees at the appropriate overtime compensation rate for all hours worked in excess of forty (40) per week.

25. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff, and other similarly situated employees, have suffered damages plus incurred reasonable attorneys' fees and costs.

26. As a result of Defendants' willful violations of the FLSA, Plaintiff, and other similarly situated employees, are entitled to liquidated damages from Defendants.

WHEREFORE, Plaintiff demands judgment, jointly and severally, against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay due to him, and other

similarly situated employees, for the hours worked by him and them for which them have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other proper relief, including interest and injunctive relief.

## JURY DEMAND

Plaintiff hereby demands trial by jury of all issues so triable.

Respectfully submitted this 17th day of June 2019.

By:    /s/ Diane P. Perez
Diane P. Perez, Esq., B.C.S. (41869)
E-mail: diane@dianeperezlaw.com
**DIANE PEREZ, P.A.**
201 Alhambra Circle, Suite 1200
Coral Gables, Florida 33134
Telephone: (305) 985-5676
Facsimile: (305) 985-5677
Attorney for Plaintiff
